IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LA JADE EVANS,

    Plaintiff,

v.                                          CASE NO. 1:22-cv-36-AW-GRJ

AMANDA CRUCE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion to Proceed *in forma pauperis* ("IFP Motion") and the Court's Order to Show Cause issued on March 29, 2022. ECF Nos. 5, 7. Plaintiff initiated this case while an inmate confined at Alachua County Jail in Gainesville, Florida, by filing a self-styled writ of habeas corpus. ECF No. 1. The writ of habeas corpus was struck by the Court, amended by plaintiff, and construed as a civil rights action on the First Amended Complaint ("FAC"). ECF Nos. 3, 4. On February 18, 2022, Plaintiff filed the IFP Motion at issue now. ECF No. 5.

Plaintiff's IFP Motion did not provide all the information necessary to determine whether she was entitled to proceed as a pauper—i.e., without paying the required $402 filing fee. Plaintiff did not include a Consent

Form, Financial Certificate, or certified copies of the transactions from her jail account for the relevant time period.  As a result, on February 23, 2022, the Court issued an order informing Plaintiff that the case could not proceed until Plaintiff either submitted a fully complete IFP Motion or paid the $402 filing fee.  ECF No. 6.  The Court directed the Clerk to provide Plaintiff with a copy of the IFP motion used by *pro se* inmates and further directed Plaintiff to complete the form in its entirety and file it by March 23, 2022, or in the alternative, to pay the filing fee by that date.  *Id*.

Plaintiff also was instructed in the Court's order of February 23, 2022, that if she no longer wished to proceed with her case, she was required to file a Notice of Voluntary Dismissal (without prejudice) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  ECF No. 6.  That notice was to be filed by March 23, 2022, as well.  *Id*.  Lastly, the Court warned Plaintiff that failure to comply with the order in the allotted time would result in a recommendation for dismissal.  *Id*.; *see Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").

Plaintiff's deadline of March 23, 2022, passed, and the Court received no response to its order.  Plaintiff took no apparent action during that time.

2

Accordingly, on March 29, 2022, the Court issued an Order to Show Cause, directing Plaintiff to respond by April 29, 2022, with reason why her action should not be dismissed. ECF No. 7.

On April 12, 2022, the Court's Order to Show Cause was returned without being delivered to Plaintiff. ECF No. 8. The envelope was marked "Return to Sender" and "Not in Custody." *Id*. The Court employed its usual means of attempting to locate Plaintiff within the Florida Department of Corrections with negative results, and the Court does not have a residential address on file for Plaintiff. It should be noted that Plaintiff was provided the customary Court notice to *pro se* litigants that requires such litigants to timely notify the Court of any address change. ECF No. 2.

Plaintiff's action is due to be dismissed. Plaintiff has failed to comply with a court order, and she has not kept the Court apprised of her current address. Thus, she appears to have abandoned the prosecution of this case. *See Foudy*, 845 F.3d at 1126.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's action should be **DISMISSED** for failure to prosecute and failure to comply with a court order. **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* should be **TERMINATED** and that the

case should be **CLOSED**.

**IN CHAMBERS** at Gainesville, Florida this 14th day of April 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.